UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| PRISCILLA ROQUE, | : | CASE NO. 1:12-CV-00512 |
|---|---|---|
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Schwab) |
| DIALYSIS CORPORATION OF AMERICA, | : | |
| Defendant | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

Priscilla Roque, the plaintiff in this employment discrimination case, failed to provide discovery to the defendant and failed to comply with court orders. Currently pending is the defendant's motion seeking dismissal of the case because of Roque's failures. Roque has failed to oppose this motion, and after considering the relevant factors, we conclude that this case should be dismissed.

## II. Background and Procedural History.

Roque, who is proceeding *pro se* and *in forma pauperis*, began this action in March of 2012. She claims that the defendant, her former employer, violated Title VII by discriminating against her because of her race and by retaliating against her

for complaining about such discrimination. In May of 2012, the defendant filed an answer to the complaint.

In July of 2012, the defendant served interrogatories and requests for the production of documents on Roque. After Roque failed to timely respond to those discovery requests, the defendant contacted the court to schedule a conference, and Magistrate Judge Carlson scheduled a telephonic case management conference for October 2, 2012. During that conference, Judge Carlson explained to Roque her obligation to respond to the discovery requests served on her by the defendant, and Roque agreed to accept discovery from the defendant by email or Federal Express and to respond to the discovery. The defendant then reserved the discovery requests on Roque.

Despite her agreement to respond, Roque still failed to respond, and so the defendant filed a motion to compel discovery. Magistrate Judge Carlson granted that motion to the extent that Roque was ordered to provide the defendant with answers to its discovery requests on November 30, 2012, at 10:00 a.m. in his chambers or to show cause at that date and time why she should not be sanctioned for failing to provide answers to the discovery requests. On November 30, 2012, Roque appeared with some documents that she said were responsive to the defendant's requests. So Judge Carlson directed Roque and defense counsel to

confer among themselves and Roque to provide defense counsel with the documents that she had brought, and Roque did so. In light of Roque's production, Judge Carlson denied the motion to compel, but he held in abeyance the defendant's request for sanctions pending the defendant's review of the documents provided by Roque. He stated that the defendant may file any appropriate motion after reviewing the discovery provided by Roque.

It turns out that what Roque provided on November 30, 2012, was just another copy of a narrative timeline of events that she had initially attached to her complaint, and so the defendant filed a second motion to compel discovery and for sanctions and a brief in support of that motion. Although Roque was ordered to file a brief in opposition to that motion, she failed to do so. We then scheduled a hearing on that motion. After a brief hearing and a subsequent in-chambers conference with Roque and defense counsel, an agreement was reached on a path forward for discovery, and at the suggestion of the court, the defendant withdrew without prejudice its second motion to compel and for sanctions. In accordance with the agreement reached, the defendant took Roque's deposition on April 24, 2013.

Although it appeared that the case was back on track, it did not stay on track for long. On May 15, 2013, the defendant filed another motion compel discovery and for sanctions and a brief in support of that motion contending that, at her

deposition, Roque promised to produced documents from a flash drive, but then she failed to do so. The defendant seeks an order dismissing Roque's claims or, in the alternative, other sanctions and an order compelling Roque to respond to its discovery requests. The defendant also seeks attorney's fees. Roque was ordered to file, on or before June 3, 2013, a brief in opposition to the defendant's motion. She failed to do so.

### III. Discussion.

#### A. Under the Rules of this Court, Roque Should Be Deemed Not to Oppose the Defendant's Motion.

At the outset, under the Local Rules of this court, Roque should be deemed not to oppose the defendant's motion since she has failed to timely oppose the motion. Roque's repeated procedural defaults frustrate and impede efforts to resolve this matter in a timely and fair fashion.

Local Rule 7.6 imposes an affirmative duty on a litigant to respond to motions and provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." At the time that she filed her complaint, Roque received a copy of the court's Standing Practice Order, which warned her in clear and precise terms of the consequences that would flow from failure to comply with Local Rule 7.6 and briefing schedules set by the court:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

*Doc. 3* at 2.

In this case, Roque has not complied with Local Rule 7.6 or this court's order to respond to the defendant's most-recent motion to compel discovery and for sanctions. These procedural defaults by Roque compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion. . . ."

*Lease v. Fishel,* 712 F.Supp.2d 359, 371 (M.D.Pa. 2010)(quoting *McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 197 (3d Cir. 1998)). We are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

Such basic principles of fairness apply here. In this case, Roque has failed to comply with Local Rule 7.6, and she has failed to file a brief in opposition to the defendant's motion to compel and for sanctions even after being ordered to do. These failures now compel us to deem Roque to not oppose the defendant's motion. Nevertheless, the Third Circuit has held that before dismissing a case as a sanction

for failure to follow a court rule or court order, a court must consider the factors set forth in the seminal case of *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984)). *See Shuey v. Schwab,* 350 F.App'x 630, 633 (3d Cir. 2009)("*Poulis* has been cited too often and is too deeply ingrained in the jurisprudence of this court and the district courts of this circuit for a court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim. *Poulis* governs the District Court's decision to dismiss the Shuey's claim, and it was error to dismiss without first considering the *Poulis* factors.").

**B. Consideration of the *Poulis* Factors Warrants Dismissal of this Case.**

If the plaintiff fails to prosecute a case or to comply with court rules or court orders, pursuant to Fed.R.Civ.P. 41(b), the court may dismiss the action upon a motion by the defendant. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002). That discretion, however, while broad, is governed by the

6

following factors, commonly referred to as *Poulis* factors, which the court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis, supra,* 747 F.2d at 868. No single factor is dispositive, *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003). In this case, an assessment of the *Poulis* factors weighs heavily in favor of dismissing this action.

The first *Poulis* factor is the extent of the party's personal responsibility. A *pro se* litigant is personally responsible for failure to comply with discovery requests and the court's rules and orders. In this case, Roque is proceeding *pro se,* and so she is responsible for her failure to respond appropriately to the defendant's discovery requests and for her failure to file a brief in opposition to the defendant's motion seeking dismissal of this case. The delays in this case are entirely attributable to Roque, who has failed to comply with the court rules and court orders and has neglected to litigate this case.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware, supra,* 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* In this case, Roque's failure to provide discovery and comply with court rules and court orders frustrates and delays resolution of this action, and such failures prejudice the defendant, who is seeking a timely resolution of the case. Without discovery, the defendant cannot adequately prepare for trial or for a summary judgment motion. Additionally, the defendant incurred costs associated with preparing and filing motions to compel discovery and for sanctions. Roque's conduct has prejudiced the defendant.

The third *Poulis* factor is a history of dilatoriness. While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe, supra*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v.*

8

*Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). A "party's problematic acts must be evaluated in light of [her] behavior over the life of the case." *Id.* at 875. In this case, Roque has a history of dilatoriness. She failed to answer the defendant's basic discovery requests. After Judge Carlson explained to Roque that she must respond to the discovery requests, she agreed to do so, but in fact she did not do so. The court ordered Roque to file a brief in opposition to the defendant's second motion to compel and for sanctions and a brief in opposition to the defendant's most-recent motion, but Roque failed to do so. Further, even though she agreed at her deposition to provide documents to the defendant, she failed to do so. Because Roque is proceeding *pro se,* the court took special care to explain her obligations to her, to accommodate her, and to give her the benefit of the doubt. Still, Roque has repeatedly failed to comply with her obligations as a litigant.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. Giving Roque the benefit of the doubt, her initial failure to respond to the defendant's discovery requests may have been due to her unfamiliarity with the litigation process and the discovery rules. But even after the court explained to her that she has a duty to respond, Roque continued to fail to comply with her

9

obligations.  Most recently, at her deposition Roque agreed to provide documents to the defendant, but she then failed to do so.  And Roque was ordered to file briefs in opposition to the defendant's motions, but she did not do so.  Nor did she communicate with the court in any manner such as to request an extension of time to comply.  In the absence of an explanation from Roque and her silence in the face of the court's order directing her to file briefs in opposition to the defendants' motions, we conclude that, at least, her most recent failure to provide documents to the defendant was willful.

The fifth *Poulis* factor is the effectiveness of alternate sanctions.  Dismissal is a sanction of last resort, and it is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis, supra,* 747 F.2d at 868.  Roque is proceeding *pro* se and *in forma pauperis*, and there is no evidence that she would be able to pay monetary sanctions.  Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case.  Further, Roque has shown a pattern of failing to comply with court rules and orders.  Thus, further orders to her would also not be effective.  In this case, no sanction short of dismissal would be effective.

The sixth *Poulis* factor is the meritoriousness of the claim.  In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if

established at trial, would support recovery. *Poulis, supra,* 747 F.2d at 870. Here, Roque claims that she was discriminated against and retaliated against in violation of the Title VII, and we cannot say that her claim is without merit. But, in our view, consideration of this factor cannot save Roque's claims, since Roque is now wholly non-compliant with her obligations as a litigant. The merit of Roque's claims is not a basis for denying the defendant's motion in this case since Roque has not complied without her obligation as a litigant to provide discovery to the defendant so that the defendant can uncover and test the merit of her claims. Furthermore, given that no single *Poulis* factor is dispositive, the untested merit of Roque's claims, standing alone, does not warrant allowing the case to proceed despite Roque's failures in this case.

After considering and weighing all the *Poulis* factors, and given Roque's repeated failures to comply with her duties as a litigant, we conclude that the defendant's motion seeking dismissal of this action should be granted.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the defendant's motion (doc. 34) to compel and for sanctions be granted and that the case be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of August, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge